IN THE CIRCUIT COURT OF BUCHANAN COUNTY, MISSOURI
AT ST. JOSEPH

FILED
10/5/2020
11:29 AM
ASHLEY THRASHER
CLERK CIRCUIT COURT
BUCHANAN COUNTY, MO

VICKY GARDNER )
P.O. Box 451 )
King City, MO 64463 )
)
    Plaintiff, )
)
v. ) Case No: 20BU-CV02976
)
SUKHDEEP SINGH )
28 Newington Cres )
Brampton, ON L6P3G2 )
)
And )
)
SUNRISE FREIGHT SYSTEMS, INC. )
11 Sloan Drive )
Caldeon, ON L7C3T5 )
)
    Defendants. )

## FIRST AMENDED PETITION FOR DAMAGES

COMES NOW Plaintiff and for her cause of action against Defendants states as follows:

1. Plaintiff is an individual and resident of the State of Missouri.

2. Defendant Sukhdeep Singh is not a resident of the State of Missouri and Defendant Sunrise Freight Systems, Inc., is an out-of-state trucking company which operates trucks in the State of Missouri. Their addresses are shown in the caption.

3. This cause of action arises out of a motor vehicle collision which took the life of Robert E. Gardner on June 18, 2020. The collision occurred in St. Joseph, Buchanan County, Missouri making venue and jurisdiction proper in Buchanan County, Missouri.

4. At all times mentioned herein, Defendant Sukhdeep Singh was acting in the course and scope of his employment and/or agency for Defendant Sunrise Freight Systems, Inc.

EXHIBIT A

5. On or about June 18, 2020, Defendant Sukhdeep Singh was operating a truck near US-59 Highway and Alabama Avenue/Lake Avenue in Buchanan County, Missouri.

6. The Defendant Sukhdeep Singh was negligent and his negligence directly caused the fatal injury to Robert E. Gardner. Defendant Sunrise Freight Systems, Inc., is vicariously liable because of the negligence of Defendant Sukhdeep Singh.

7. Defendant Sukhdeep Singh turned left in front of the pathway of Robert Gardner who was operating a motorcycle. Defendant Sukhdeep Singh had an obligation to yield the right-of-way to oncoming traffic.

8. Robert Gardner was driving a motorcycle and it was during the daytime hours when the sun was out. The Defendant Sukhdeep Singh was driving a tractor trailer and because of his location in the vehicle he had the ability to see down the roadway and to observe if there was any traffic coming in the opposite direction before he made a left-hand turn into that lane. Decedent, Robert Gardner was in that lane and he would have been clearly visible to Defendants had Defendant Sukhdeep Singh looked at the oncoming traffic lane before executing his turn.

9. The Defendants were negligent in the following particulars:

   a) Failing to keep a careful lookout.

   b) Failing to yield the right-of-way.

   c) Failing to stop, swerve, honk or take other evasive action when the Defendants knew or in the exercise of the highest degree of care could have known that the failure to do so would result in a collision.

10. As a direct result of the negligence of the Defendants, Robert Gardner's motorcycle was struck which resulted in a fatal injury to Robert Gardner.

Electronically Filed - Buchanan - September 24, 2020 - 01:40 PM

11. At the time of Robert Gardner's death, he was married to Plaintiff Vicky Gardner. Plaintiff was damaged as a result of the injury to Robert Gardner. Plaintiff suffered the damages which are recoverable under §537.090 RSMo. These damages include loss of companionship, guidance, training, comfort, services, consortium. Plaintiff is also entitled to recover damages that the decedent would have been able to recover had he survived. There were aggravating circumstances attendant upon the death as the collision occurred in broad daylight and the motorcycle would have been visible to the Defendants at the time that Defendant Sukhdeep Singh initiated the left-hand turn into the lane that was occupied by Robert Gardner.

12. Plaintiff is entitled to an award of damages against Defendants, and each of them, in an amount that is fair, reasonable and just. Plaintiff is also entitled to an award of damages for aggravating circumstance damages in such sum as will serve to punish the Defendants and deter the Defendants and other from like conduct.

WHEREFORE, Plaintiff prays judgment against Defendants and each of them in such sum as would be fair, reasonable and just in amount and for aggravating circumstance damages in such sum as will serve to punish the Defendants and deter the Defendants and other from like conduct and for her costs expended and incurred herein.

TURNER, SWEENY & SEATON

_____
John E. Turner - MO/ 26218
[turner-sweeny@msn.com]
Christopher P. Sweeny - MO 44838/ KS 16868
[csweeny@turnersweeny.com]
Marty W. Seaton - MO 58815/ KS 23059
[mseaton@turnersweeny.com]
10401 Holmes Road, Suite 450
Kansas City, MO 64131
(816) 942-5100 - [FAX: (816) 942-5104]

AND

*[signature]*

Kevin D. Meyers - Mo. Bar No. 34005
LAW OFFICE OF KEVIN D. MEYERS
9233 Ward Parkway, Suite 240
Kansas City, MO 64114
Phone: (816) 444-0030     Fax: (816) 333-1547
Email:  kevin@kdmeyerslaw.com

ATTORNEYS FOR PLAINTIFF

4